## (May 9, 1963)

■ CAROLYN A. REGAN et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 36020.) — Claimants appeal from a judgment of the Court of Claims which dismissed their claim for personal injuries at the close of claimants' case. Claimant Carolyn A. Regan fell on some stairs leading from the street to the second floor of a building which was leased in its entirety by the State for an unemployment insurance office. She testified that a collection of peeled paint, bits of plaster and other debris had accumulated on the stairway, which was wet, and she slipped because of this condition. The stairway which she was using was the only means of access to the unemployment insurance office, which was open to the public, and she must be considered an invitee. The State contracted for the cleaning of the leased premises, and the stairs were swept once a day in the evening. While perhaps a factual determination at the close of the entire case in favor of the State could be sustained, this was in effect a nonsuit, and the only question before us is whether a prima facie case was made out. Considering the facts adduced at the trial in the aspect most favorable to the claimants, and giving to the claimants, as we must, the benefit of every favorable inference which can reasonably be drawn therefrom, the claimants have adequately established control of the premises by the State, notice of the condition of the stairs and the failure to remedy the condition or warn the public thereof. In other words, on this record claimants have established a prima facie case, and the claim should not have been dismissed at the close of claimants' evidence. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.